# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:94-CR-98 CAS |
| | ) | |
| FRANK ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on federal prisoner Frank Robinson's "Emergency Petition for Mandamus to Compel Bureau of Prisons to Replenish Presentence Credits Know as 'Willis Credits'" and supplement thereto dated December 12, 2006. The government opposes the petition for mandamus. For the following reasons, the Court will deny the petition for mandamus.

**Background**.

On April 7, 1994, defendant was arrested for carjacking a van in St. Louis, Missouri, and placed in state custody. See United States v. Robinson, 62 F.3d 234, 235 (8th Cir. 1995). Defendant's action in connection with the carjacking resulted in his being charged, convicted and sentenced both in Missouri state court and this Court.

On December 16, 1994, this Court sentenced defendant to a term of 147 months (approximately twelve years) imprisonment. The judgment did not specify whether the federal sentence should run concurrently or consecutively to any subsequently-imposed state sentence. Defendant remained in state custody throughout the course of the federal court proceedings.

On May 26, 1995, defendant was sentenced in state court to a cumulative term of fifteen years in prison, to run concurrently with the 147-month federal sentence. Because the state sentence was ordered to be served concurrently with the federal sentence, defendant was scheduled to complete both his federal and state sentences in fifteen years. Defendant was not turned over to federal authorities to begin serving his federal sentence, but instead remained in state custody for a time.

In the instant petition for mandamus, defendant contends that the federal Bureau of Prisons "recently" improperly seized 414 days of so-called "Willis credits"[1] and as a result, defendant's projected release date changed from November 6, 2006 to December 25, 2007. Defendant argues that all time he served in state custody should be credited toward his federal sentence, and asks the Court to compel the Bureau of Prisons to award him prior custody credit from his arrest date of April 7, 1994 through May 25, 1995, while defendant was awaiting the outcome of trial and sentencing phase in state court.

The government responds that defendant has already litigated the exact issue he raises in this action in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed in the United States District Court for the Eastern District of Arkansas. See Robinson v. Jeter, 2:02-CV-145 JTR (E.D. Ark. Jan. 12, 2004). In Robinson v. Jeter, the court dismissed the petition for writ of habeas corpus on the merits, after concluding that defendant was not entitled to the prior custody credit he sought

---

[1]Defendant's argument is based on the Fifth Circuit Court of Appeals' decision in Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971). In Willis, the court held that under certain limited circumstances, a term of pretrial custody could be credited against both a state and a federal sentence. The Willis decision was based on 18 U.S.C. § 3568, which was repealed and superseded in 1984. See Pub. L. 98-473, Title II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 1987 (repealing the federal sentencing statutes set forth in 18 U.S.C. §§ 3561 to 3580 and replaced them with 18 U.S.C. §§ 3551 to 3586).

because it had already been credited against the completion of defendant's state sentence.  <u>Robinson v. Jeter</u>, 2:02-CV-145 JTR, slip op. at 4-6.

Defendant subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in this Court on March 8, 2004, <u>see</u> <u>Robinson v. United States</u>, 4:04-CV-286 CAS (E.D. Mo.), the first ground of which was the revocation of jail time credit for the period from April 7, 1994 to May 26, 1995.  This Court dismissed defendant's § 2255 motion to vacate, set aside, or correct sentence as time barred on August 3, 2004.  Plaintiff filed the instant petition for writ of mandamus on November 16, 2006.

**<u>Discussion</u>**.

Mandamus is a "drastic" remedy, only to be invoked in "extraordinary situations."  <u>In re Burns & Wilcox, Ltd.</u>, 54 F.3d 475, 477 (8th Cir. 1995), <u>holding limited on other grounds by</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706 (1996).  A federal court may issue a writ of mandamus only when the requesting party has established a clear and indisputable right to the relief sought, the responding party has a nondiscretionary duty to perform the act in question, and the requesting party has no adequate alternative administrative or judicial remedy.  <u>In re SDDS, Inc.</u>, 97 F.3d 1030, 1034 (8th Cir. 1996).

Defendant is attempting through his petition for writ of mandamus to relitigate issues that have been finally resolved against him by the United States District Court for the Eastern District of Arkansas.  The instant petition for writ of mandamus is therefore barred by the doctrine of issue preclusion, based on defendant's previous litigation of this issue in the § 2241 habeas matter in the United States District Court for the Eastern District of Arkansas (the "§ 2241 proceeding").

In the Eighth Circuit, issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

Robinette v. Jones, 476 F.3d 585, 589 (8th Cir. 2007) (quoting Anderson v. Genuine Parts Co., Inc., 128 F.3d 1267, 1273 (8th Cir. 1997)).

Each of the necessary five elements is present in this case. Defendant was a party to the § 2241 proceeding. The issue of prior custody credit raised by defendant in the instant petition is the same as the issue raised in the § 2241 proceeding. The issue of defendant's entitlement to the prior custody credit was actually litigated in the § 2241 proceeding. The court in the § 2241 proceeding determined the prior custody credit issue in a valid and final judgment. Finally, the court's determination of the prior custody credit issue was essential to its judgment in the § 2241 proceeding. Defendant is therefore precluded from relitigating the prior custody credit issue.

A writ of mandamus may not be used as a substitute for an appeal. Schlagenhauf v. Holder, 379 U.S. 104, 112 (1964); Kay Ferer, Inc. v. Hulen, 160 F.2d 146, 148 (8th Cir. 1947). Defendant has not established that he has a clear and indisputable right to the relief sought, that the responding party has a nondiscretionary duty to perform the act in question, or that he has no adequate alternative administrative or judicial remedy. See In re SDDS, Inc., 97 F.3d at 1034. Defendant's petition for writ of mandamus should therefore be denied.

**Conclusion**.

For the foregoing reasons, the Court will deny defendant's petition for writ of mandamus.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Frank Robinson's "Emergency Petition for Mandamus to Compel Bureau of Prisons to Replenish Presentence Credits Know as 'Willis Credits'" is **DENIED**.  [Doc. 135]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of May, 2007.